IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| USA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-MJ-0017-BR-1 |
| | § | |
| LANDIS CHARLES BARROW, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Disqualify Attorney Craig Watkins as counsel for Defendant Landis Charles Barrow. (ECF 34-1). Having considered the Motion, Defendant's filings, relevant law, the arguments of the parties, and for the reasons stated below, the Motion is GRANTED.

## I.    BACKGROUND

Landis Barrow is charged with one count of Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) as part of what the Government alleges is a long-running and sprawling drug operation in this division involving a veritable rogues' gallery of characters. (ECF 34-1 at 1–6). The Government requested its brief in support of the Motion to Disqualify be sealed. (ECF 34). The Court, having granted the request, (ECF 36), will therefore include a very brief overview of the factual background to the Motion.

The Government alleges in the Motion that Mandis Barrow, the brother of Landis Barrow,[1] was, prior to his arrest on federal charges on April 28, 2022, (ECF 34-1 at 8), a principal distributor of methamphetamine as part of an organized drug trafficking operation in the Amarillo area. (ECF 34-7). Before his arrest, however, Mandis had a history of drug-related law enforcement interaction, having previously been convicted in a conspiracy to distribute cocaine base in the Western District of Texas. (ECF 34-1 at 1). In addition, and relevant to the Motion, Mandis was arrested by police in Rhome, Texas on February 18, 2021 for possession of multiple kilograms of methamphetamine.[2] (*Id.* at 8). It is the Government's position that this arrest is related to Mandis' involvement in the Amarillo-based drug conspiracy. (*Id.* at 8–9).

Landis was arrested on February 6, 2023 during a raid on a residence that resulted in the discovery of significant quantities of drugs. (*Id.* at 5). A complaint was issued against Landis and a co-defendant on February 7, 2023. (ECF 1). Following Landis' initial appearance, the Court appointed Attorney Michael King to represent him. (ECF 19). Later that same day, Attorney Craig Watkins entered an appearance for Landis as retained counsel and moved to substitute for Attorney King. (ECF 27; ECF 28). The Court granted the request and relieved Attorney King the next day. (ECF 29).

A combined preliminary and detention hearing was scheduled for February 15, 2023, (ECF 26); however, moments before the hearing was to begin, counsel for the Government

---

[1] Because this matter involves twin brothers, Landis and Mandis Barrow, the Court will deviate from its usual practice and refer to the brothers by their first names to avoid confusion.

[2] The Court independently verified this information with clerk staff of the 271st District Court in Decatur, Texas, who confirmed Mandis' arrest, as well as his release on February 19, 2021.

informed Court staff that it intended to file a motion to disqualify Attorney Watkins. Viewing the issue of disqualification as a threshold matter, the Court adjourned the scheduled hearing and set a briefing schedule over Attorney Watkins' objection. (ECF 33). Following receipt of papers submitted by the parties, (ECF 34; ECF 35), the Court heard argument on the Motion. (ECF 37).

## II.   STANDARD OF REVIEW

Disqualification decisions in the Northern District of Texas are guided by state and national ethical standards as adopted by the Fifth Circuit. *Texas v. Biden*, 570 F.Supp.3d 398, 404 (N.D. Tex. 2021); *see also In re American Airlines*, 972 F.2d 605, 610 (5th Cir. 1992). Standards to be used by the Court flow from the ethics canons of the American Bar Association ("ABA"). *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992). Additionally, consideration of the Texas Disciplinary Rules of Professional Conduct is necessary because they govern attorneys practicing in Texas generally. *See FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995). Ultimately, however, it is the movant's burden to bear as whether an attorney should be disqualified. *Galderma Laboratories, L.P. v. Actavis Mid Atlantic LLC*, 927 F.Supp.2d 390, 398 (N.D. Tex. 2013).

## III.   ANALYSIS

ABA Model Rule of Professional Conduct 1.9 reads, in relevant part, as follows:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Defendants have dueling Sixth Amendment rights at play when a question in raised regarding conflicts of interest. First is the Defendant's right to counsel of choice. *U.S. v. Lucio*,

996 F.Supp.2d 514, 522 (S.D. Tex. 2013) (citations omitted). Second is the right "to a defense conducted by an attorney who is free from conflicts of interest." *Wheat v. United States*, 486 U.S. 153, 157 (1988). The right to conflict-free counsel flows from the Constitution's guarantee of effective assistance of counsel. *See United States v. Infante*, 404 F.3d 376, 389 (5th Cir. 2005) ("Under the Sixth Amendment, if a defendant has a constitutional right to counsel, he also has a corresponding right to representation that is free from any conflict of interest." (internal quotation marks omitted)).

Courts have noted, however, that the right to counsel of choice is not absolute. *Lucio*, 996 F.Supp.2d at 522; *Wheat*, 486 U.S. at 159; *U.S. v. Sanchez Guerrero*, 546 F.3d 328, 333 (5th Cir. 2008). Indeed, it is "circumscribed in several important respects." *Wheat*, 486 U.S. at 159. The most important of those, at least as relevant to this matter, is when a defendant's counsel of choice, if not disqualified, would otherwise labor under a conflict of interest. *Sanchez Guerrero*, 546 F.3d at 333. Indeed, the Supreme Court has conclusively held that when a defendant's rights under the Sixth Amendment come into conflict, the right to conflict-free counsel must triumph: the "essential aim of the [Sixth] Amendment is to guarantee an effective advocate…rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat*, 486 U.S. at 159. To wit, although a presumption exists in favor of a defendant's counsel of choice, that presumption can be overcome by either an actual conflict of interest or by a showing of a serious *potential* conflict of interest. *United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007) (citations omitted) (emphasis added).

Attorney Watkins has admitted to the Court that he previously represented Mandis in what he characterized as a "state matter."[3]  When prompted by the Court to provide more details, Attorney Watkins demurred, citing attorney-client privilege. However, Attorney Watkins did state that:

- a fee agreement was signed between him and Mandis,

- he was paid,

- he spoke directly with Mandis,

- he never entered an appearance in any matter on Mandis' behalf,

- his representation of Mandis has ended, and

- he does not believe the prior representation is related to the current charge against Landis in any way.

The Court has no reason to doubt Attorney Watkins' statements regarding his representation of Mandis with the exception of that concerning the relationship between his representation of Mandis and Landis. The Government has asserted that the Rhome arrest is the only "state matter" to which Attorney Watkins could possibly be referring because it is one of only two state arrests Mandis has on his record since being released from federal custody. Tellingly, there is counsel of record in the second matter, a case arising in Harris County, Texas.

---

[3] For the purposes of this opinion, the Court relies on the audio recording of the hearing conducted on February 21, 2023 for all quotations. A transcript of that hearing is forthcoming; however, the Court has determined that a prompt ruling on the Motion to Disqualify should be issued before a transcript can be produced in an effort to minimize the amount of time Landis must wait for a reset detention hearing, which has already been twice delayed.

Nevertheless, the Court views any delay that has resulted from the Motion to Disqualify as a function of Landis exercising his Sixth Amendment right to counsel of his choice. His selection of Attorney Watkins carried with it questions of conflicts of interest, of which Landis was free to alleviate himself by firing Attorney Watkins at any time.

(ECF 34-1 at 2). The Court is satisfied that this first matter is the one in which Attorney Watkins previously represented Mandis.

The question then becomes whether Mandis' Rhome arrest and Landis' current charge are part of either the same, or a substantially related, criminal matter. The Government has produced ample evidence in the affirmative. Landis had intimate knowledge of the drug trafficking enterprise's activities as early as July 2018, (*Id.*), and another member of the enterprise identified Landis as involved in July 2021. (*Id*. at 3). It is fair to assume, then, that Landis was involved, in one way or another, in the organization during the intervening period. It was during that time, specifically in February 2021, that Mandis was arrested in Rhome, Texas for trafficking methamphetamine, apparently the main activity of the group. With that in mind, it is difficult for the Court to understand how Mandis' arrest in February 2021 on a "state matter" and Landis' current charges are not related – they both involve the methamphetamine operations of an organization both men are known to be a part of, or at least actively associated with.

Even assuming *arguendo* that Attorney Watkins is correct in his protestations that he has absolutely no reason to believe the two matters are related, courts in this circuit have recognized that representation of multiple defendants, especially brothers, even at separate times, in a conspiracy case is laden with potential conflicts. *United States v. Diaz*, 2007 WL 4205639 (W.D. Tex. 2007); *United States v. Olayinka*, 2018 WL 3318953 (W.D. La. 2018); *United States v. Valdez*, 2022 WL 1266031 (N.D. Tex. 2022).

But regardless, the Court has "substantial latitude" to determine whether Attorney Watkins should be allowed to represent Landis or not because there is quite clearly the potential for some unknown conflict to bubble to the surface at a later point in the cases of either Landis or

Mandis. *Wheat*, 486 U.S. at 163. The facts presented in the Government's brief and eleven exhibits simply present too much potential for a conflict to arise. Notwithstanding the waivers of both brothers, the potential for their interests to diverge as this long running and expansive drug conspiracy draws to a close negatively impacts Attorney Watkins' ability to successfully navigate this case to a degree necessitating his disqualification. Therefore, the Court rejects the waivers of conflict presented in writing as to Mandis and on the record as to Landis. *Sanchez Guerrero*, 546 F.3d at 332 ("While a defendant can knowingly and intelligently waive conflicts of interest, the district court is allowed substantial latitude to refuse such waivers in cases of either actual or potential conflict." (internal quotation marks omitted)).

That conclusion is bolstered by the factors discussed by the Fifth Circuit in *Perillo v. Johnson*. 205 F.3d 775 (5th Cir. 2000). There, the court drew upon a variety of its precedents to state that a conflict of interest can be found when the subject matter between two representations was similar, when the two relationships are close in time, and in light of counsel's continuing obligation to the former client. *Id.* at 798–99. Each of those factors weigh heavily against Attorney Watkins. As stated previously, the Court is satisfied that both representations involve the same subject matter because both deal with an Amarillo-centered methamphetamine operation in which the two brothers each played a part. Much as with the temporal relationship, both brothers were demonstrably involved in the operation stretching back to least 2018. It is fair to assume, then, that Attorney Watkins gleaned information concerning Mandis' involvement in the operation during the "state matter" representation.[4]  There is serious potential this

---

[4] Indeed, given that there is a substantial relationship between Mandis' Rhome arrest and Landis' current

information included details of Landis' involvement, despite Attorney Watkins' assertions to the contrary. Such information would irreparably damage Attorney Watkins' representation of Landis because of his inability to make arguments on his client's relative culpability. But Attorney Watkins also maintains a continuing obligation to Mandis. ABA Rule 1.9 and its Texas analogue make clear an obligation is owed to Mandis as a former client. Just as Landis could be damaged by Attorney Watkins' continued representation of him, so too could Mandis, for precisely the same reasons in reverse.[5]

## IV.    CONCLUSION AND HEARING NOTICE

For the foregoing reasons, the Government's Motion to Disqualify Attorney Craig Watkins, (ECFR 34-1), is GRANTED. The clerk is directed to terminate Attorney Watkins from the docket. New counsel will be appointed for Landis by separate notice. The hearing on the Government's Motion to Detain, (ECF 4), is RESET for **Monday, February 27, 2023 at 1:30 p.m.** in the Second Floor Courtroom of the Mary Lou Robinson United States Courthouse in Amarillo, Texas. The United States Marshals Service is directed to immediately serve Landis Barrow with a physical copy of this Memorandum Opinion and Order at the Randall County Jail.

IT IS SO ORDERED.

ENTERED February 23, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

federal charge, the Court must *irrebuttably presume* that such relevant confidential information was disclosed. *United States v. Ryan*, 597 F.Supp.3d 931, 945 (E.D. La. 2022) (emphasis added).

[5] At the hearing on the Motion, Attorney Watkins made several statements suggesting any conflict was manufactured by the Government or, at any rate, speculative. The Court is unpersuaded by this argument because the conduct of Mandis and Landis is inextricably linked and their interests may soon be adverse to one another, if they are not already. Such potential divergency requires disqualification. *Monden v. Consolidated Nuclear Security LLC*, 2022 WL 16722353, at *2–4 (N.D. Tex. 2022) (Kacsmaryk, J.).